**John Allen RAINWATER; et al., Plaintiffs,**

**and**

**Charles Christman, Plaintiff–Appellant,**

**v.**

**Jan Marie ALARCON, Ph.D.; et al., Defendants–Appellees.**

No. 06–55572.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 6, 2007.

Filed Feb. 26, 2008.

Charles Christman, Atascadero, CA, pro se.

John Tehranian, Esq., Turner Green Afrasiabi & Arledge, LLP, Costa Mesa, CA, for Plaintiff–Appellant.

Karen Ackerson–Brazille, Esq., AGCA— Office of the California Attorney General (LA), Los Angeles, CA, for Defendants– Appellees.

Before: PREGERSON, TROTT, and PAEZ, Circuit Judges.

## MEMORANDUM *

Charles Christman ("Christman") appeals the district court's orders dismissing his claims against Defendants [1] in their official capacities and granting summary judgment for Defendants on all counts. We have jurisdiction under 28 U.S.C. § 1291. We affirm in part, reverse in part, and remand.

Christman is classified as a sexually violent predator ("SVP"). He has been involuntarily committed at Atascadero State Hospital ("ASH") for treatment. He alleges that Defendants, officials at ASH, began him on a course of Lupron treatment without his informed consent, and continued him on such treatment after they knew or should have known that it caused him and other patients at the facility to develop osteoporosis. Invoking § 1983, Christman alleges that Defendants' actions in providing him with Lupron violated his Fourteenth and Eighth Amendment rights.

Christman first argues that the district court erred in dismissing his claims against Defendants in their official capacities. We disagree. We review de novo a district court's grant of a motion to dismiss under Fed.R.Civ.P. 12(b)(6). *Sacks v. Office of Foreign Assets Control,* 466 F.3d 764, 770 (9th Cir.2006). Here, the district court determined that under *City of Los Angeles v. Lyons,* 461 U.S. 95, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983), Christman did not have standing to sue ASH officials for prospective injunctive relief. The district court did not err.

Christman sought an injunction enjoining defendants from "administering the drug Leuprolide Acrtate [sic] (Lupron), without documented notification of all possible adverse and beneficial side effects, in association with and as a result of taking said medication." Christman no longer receives Lupron treatments, and furthermore, now armed with the knowledge of Lupron's devastating side effects, there is no future threat that his right to informed consent would again be violated with respect to Lupron.

Christman next argues that the district court erred in granting Defendants summary judgment on his Fourteenth Amendment claim because the record demonstrates that there are several disputed issues of material fact. We agree.

We review de novo a district court's order granting summary judgment. *Oliver v. Keller,* 289 F.3d 623, 626 (9th Cir. 2002). "We must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Christman brings this case against Jan Marie Alarcon, Frederick Banales, Mary Flavin, Robert S. Knapp, and Gabriel Paladino, doctors at Atascadero State Hospital ("ASH").

genuine issues of material fact and whether the district court correctly applied the relevant substantive law." *American Civil Liberties Union v. City of Las Vegas*, 333 F.3d 1092, 1097 (9th Cir.2003), *cert. denied*, 540 U.S. 1110, 124 S.Ct. 1077, 157 L.Ed.2d 897 (2004).[2]

■ The district court erred in adopting Defendants' "Statement of Uncontroverted Facts" after concluding that Plaintiffs failed to submit a "Statement of Genuine Issues" as required by Central District of California Local Rule 56–3. Despite Defendants' protestations otherwise, in his pro se response, Christman did controvert Defendants' factual assertions—albeit inartfully. Although Christman did not comply with the niceties of the district court's local rules governing summary judgment, Christman's informal attempt to do so was sufficient. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (holding pro se litigants to "less stringent standards" than parties with the aid of counsel); *see also Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir.1998) (en banc) (explaining that "we tolerate informalities from civil pro se litigants"). A careful look at Christman's "Opposition to Summary Judgment" reveals that it served as a statement of controverted facts. In addition, Plaintiffs' verified complaint constituted an opposing affidavit. *Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir.2004) (holding that where the plaintiff is pro se, the court "*must* consider as evidence in his opposition to summary judgment all of [plaintiff's] contentions offered in motions and pleadings, where such contentions are based on personal knowledge and set forth facts that would be admissible in evidence, and where [plaintiff] attested under penalty of perjury that the contents of the motions or pleadings are true and correct") (emphasis added).

■ Christman presented sufficient evidence to show that a question of fact exists as to whether he was provided with information that allowed him to give informed consent to the Lupron treatment. Accordingly, the district court erred in granting summary judgment on Christman's Fourteenth Amendment claim.

■ Last, Christman argues that the district court erred in granting Defendants summary judgment on his Eighth Amendment claim because the record demonstrates that there are disputed issues of material fact. We disagree. As we recently held, "the Eighth Amendment is not the proper vehicle to challenge the conditions of civil commitment." *Hydrick v. Hunter*, 500 F.3d 978, 994 (9th Cir.2007). However, Christman's allegation that defendants kept him on Lupron despite the evidence that his bone density was significantly deteriorating may be recast as al-

---

2. We have held that the Fourteenth Amendment provides for the right to be "free from unjustified intrusions into the body." *Benson v. Terhune*, 304 F.3d 874, 884 (9th Cir.2002). That right encompasses the right to reject the administration of medication *and* to be provided all the information necessary to intelligently make that decision. *Id.; see also White v. Napoleon*, 897 F.2d 103, 113 (3d Cir.1990) ("A prisoner's right to refuse treatment is useless without knowledge of the proposed treatment. Prisoners have a right to such information as is reasonably necessary to make an informed decision to accept or reject proposed treatment, as well as a reasonable explanation of the viable alternative treatments that can be made available in a prison setting."); *Pabon v. Wright*, 459 F.3d 241, 250 (2d Cir.2006) ("[T]here exists a liberty interest in receiving such information as a reasonable patient would require in order to make an informed decision as to whether to accept or reject proposed medical treatment."); *Cruzan v. Director, Missouri Department of Health*, 497 U.S. 261, 278, 110 S.Ct. 2841, 111 L.Ed.2d 224 (1990) (holding that a "person has a constitutionally protected liberty interest in refusing unwanted medical treatment").

leging a Fourteenth Amendment violation. *See Hydrick*, 500 F.3d at 994 ("[C]laims for inhumane treatment ... may be raised under the Fourteenth Amendment. The standard applicable to SVPs under the Fourteenth Amendment is at least coextensive with that applicable to prisoners under the Eighth Amendment."). So cast, Christman presented sufficient evidence to show that a question of fact exists as to whether Defendants acted with deliberate indifference when they allegedly kept him on Lupron, despite the evidence that his bone density was deteriorating.

Defendants argue that even if there is an issue of triable fact as to whether Christman's constitutional rights were violated, they are entitled to qualified immunity. Although Defendants raised this issue in their summary judgment papers, they did not attempt to demonstrate how or why each defendant was entitled to qualified immunity. More importantly, the district court did not address qualified immunity in its order granting summary judgment.[3] Under these circumstances, we decline to address whether Defendants are entitled to qualified immunity. On remand Defendants may raise qualified immunity before the district court on a defendant by defendant basis.

**AFFIRMED** in part, **REVERSED** in part and **REMANDED.** The parties shall bear their costs on appeal.

---

3. We also note that the district court denied Defendants qualified immunity in its order on their motion to dismiss, and Defendants did not separately appeal that issue.